# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

**AUSTIN THOMAS,**

     **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　**Case No.  5:12cv254/RS/CJK**

**SECRETARY, DEPARTMENT OF
CORRECTIONS,**

     **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 14).  Petitioner replied.  (Doc. 20).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On July 21, 2009, petitioner was charged by Information filed in the Circuit Court for  Bay County, Florida, Case No. 09-1777, with the following offenses:  (1) Trafficking in a Controlled Substance (first-degree felony), (2) Attempting to Obtain a Controlled Substance by Fraud (third-degree felony) and (3) Possession of a New or Legend Drug Without a Prescription (second-degree misdemeanor).  (Doc. 14, Ex. E).[1]  On October 22, 2009, petitioner was charged by Information filed in Bay County Circuit Court Case No. 09-2465, with the following offenses:  (1) Trafficking in a Controlled Substance (first-degree felony), (2) Attempting to Obtain a Controlled Substance by Fraud (third-degree felony) and (3)-(4) two counts of  Obtaining a Controlled Substance by Fraud (third-degree felony).  (Ex. F).

On November 3, 2009, petitioner executed a written plea agreement in each case, titled "Plea, Waiver and Consent," whereby petitioner pled no contest to the lesser included offense of Possession of Hydrocodone With Intent to Distribute on Count 1 of each case (second-degree felony), and to the remaining five counts as charged.  (Exs. G, H).  By joint judgment and sentence rendered November 3, 2009, petitioner was adjudicated guilty and sentenced to concurrent ten-year suspended prison sentences on the Possession of Hydrocodone offenses, followed by two years of drug offender community control, followed by three years of drug offender probation.  (Ex. I).  An order placing petitioner on drug offender community control and drug offender probation was entered November 6, 2009.  (Ex. J).

On May 12, 2010, the Department of Corrections filed a violation affidavit alleging that petitioner violated the following conditions of his community control:

---

[1]All references to exhibits will be to those provided at Doc. 14, unless otherwise noted.

(1) violation of Condition 5 by failing to live and remain at liberty without violating any law by possessing Hydrocodone without a prescription, (2) violation of Condition 1 by failing to successfully complete or remain in a substance abuse residential treatment by being discharged from Keeton Non-Secure Programs, Inc. without successfully completing the program. (Exs. K; *see also* Exs. L-N). On July 19, 2010, petitioner entered an open plea to the violations. (Ex. O). That same day, petitioner was sentenced to concurrent terms of 60 months in prison on all counts. (Exs. O, P).

Thereafter, petitioner filed a motion for reduction and/or modification of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c), and a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). (Exs. R, S). The trial court denied the motions on September 30, 2010. (Exs. T, U). On October 18, 2010, petitioner filed a belated amended Rule 3.800(c) motion. (Ex. BB). On November 16, 2010, the trial court denied relief on the grounds that the motion was untimely and the court lacked jurisdiction to consider it, and, alternatively, that modification of petitioner's sentence was not warranted. (Ex. CC).

On November 14, 2010, petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. W, pp. 1-21). The postconviction trial court summarily denied relief. (*Id*., pp. 73-114). The Florida First District Court of Appeal ("First DCA") per curiam affirmed on October 24, 2011, without a written opinion. *Thomas v. State*, 73 So. 3d 765 (Fla. 1st DCA 2011) (Table) (copy at Ex. Z). The mandate issued November 21, 2011. (Ex. AA).

On December 27, 2011, petitioner filed another Rule 3.800(c) motion for reduction of sentence, which the trial court summary denied on January 13, 2012. (Exs. DD and EE, respectively).

Petitioner filed the instant federal habeas petition on July 19, 2012.  (Doc. 1).
The petition raises two grounds for relief:  (1) petitioner was convicted and sentenced
under Fla. Stat. § 893.101, which was declared unconstitutional by the United States
District Court for the Middle District of Florida in *Shelton v. Sec'y, Dep't of Corr.*,
802 F. Supp.2d 1289 (M.D. Fla. 2011); and (2) the State of Florida lacked subject
matter jurisdiction to try, convict and sentence petitioner because the charges were
based on Fla. Stat. § 893.101, which was declared unconstitutional in *Shelton v.
Sec'y, Dep't of Corr.*, 802 F. Supp.2d 1289 (M.D. Fla. 2011)  (Doc. 1).  Petitioner
concedes he did not exhaust his state remedies with respect to either claim, explaining
that the statute had not been declared unconstitutional at the time he sought
postconviction relief.    (Doc. 1).    Respondent asserts petitioner's claims are
procedurally defaulted and without merit.  (Doc. 14).  Petitioner's reply argues that
this court should make an exception to the procedural bar (without identifying on
what basis) and that his claims have merit.  (Doc. 20).

## DISCUSSION

Before bringing a § 2254 habeas action in federal court, a petitioner must
exhaust all available state court remedies for challenging his conviction, 28 U.S.C.
§ 2254(b)(1),[2] thereby giving the state the "'opportunity to pass upon and correct'

[2]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)  the applicant has exhausted the remedies available in the courts of the
State; or

(B) (i)  there is an absence of available State corrective process; or

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78.  A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review.  *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice.  *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).   "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*,

---

(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).  The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Petitioner admits his claims are procedurally defaulted.  Petitioner makes none of the requisite showings to excuse his procedural default.  To the extent petitioner argues he could not have known the legal basis for his claim until the Middle District issued its decision in *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp.2d 1289 (M.D. Fla. 2011), *reversed*, 691 F.3d 1348 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1856 (2013), his argument fails.  Petitioner could have presented to the Florida courts the same argument as the defendant in *Shelton, supra*.  Petitioner's procedural default bars federal habeas review of his claims.  *See, e.g., Jones v. Crews*, No. 3:12cv193/LC/CJK, 2014 WL 418768 (N.D. Fla. Feb. 4, 2014) (rejecting argument identical to petitioner's and finding *Shelton*-based claims procedurally defaulted); *Bell v. Sec'y, Fla. Dep't of Corr.*, No. 5:11cv411/MP/EMT, 2013 WL 5436719, at *14 (N.D. Fla. Sept. 27, 2013) (same).

Petitioner's claims also fail on the merits. *See Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012) (reversing district court's opinion in *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011)), *cert. denied*, 133 S. Ct. 1856 (2013).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentences in *State of Florida v. Austin Cullin Thomas*, Bay County, Florida Circuit Court Case Numbers 09-1777 and 09-2465, be DENIED, and the clerk be directed to close the file.

2.   That a certificate of appealability be DENIED.

At Pensacola, Florida this 28th day of March, 2014.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).